IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JENNIFER HOPE MONTGOMERY, PATRICK MONTGOMERY, DONNA P. WASHINGTON, BRITTANY MCROY, on behalf of themselves and all other similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>LOVIN' OVEN CATERING SUFFOLK, INC., 21 MAIN NORTH BEACH, LLC, CINZIA, LLC, WILLIAM RILEY, GERARD SCOLLAN, and MATTHEW SCOLLAN,<br><br>     Defendants. | Civil Action No.: 4:15-CV-03214-RBH<br><br>**ORDER** |

Currently pending before this Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF #51]. Both parties have had the opportunity to extensively brief the issues raised in the motion to dismiss, and this Court has thoroughly considered all pleadings filed in this case.[1]

**Factual Background and Procedural History**

Plaintiff Jennifer Hope Montgomery filed this lawsuit on August 13, 2015 against Defendants Lovin' Oven Catering Suffolk, Inc., 21 Main North Beach, LLC, William Riley, Gerard Scollan, and Matthew Scollan alleging violations of the minimum wage requirements of the Fair

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA"), violation of the overtime provisions of the FLSA, unlawful "kick-backs" in violation of the FLSA, unlawful retaliation in violation of the FLSA, and violations of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et. seq*. (the "Wage Act"). [ECF #1]. The lawsuit is filed as a collective action under the FLSA and pursuant to Federal Rule of Civil Procedure 23. [ECF #1].

Defendants filed both an Answer and a Motion to Dismiss Complaint on September 30, 2015. [ECF #10; #12]. Plaintiff Jennifer Montgomery filed her First Amended Complaint on December 11, 2015, adding Donna P. Washington and Brittany McRoy as plaintiffs and a cause of action for wrongful termination on behalf of Donna P. Washington. [ECF #23].

Defendants filed a Motion to Dismiss the First Amended Complaint on December 23, 2015. [ECF #27].[2] On January 28, 2016, Plaintiffs filed a Motion to Amend the First Amended Complaint. [ECF #39]. The motion sought to add Patrick Montgomery as a named plaintiff, add causes of action for wrongful termination and FLSA retaliation on behalf of Jennifer Hope Montgomery, and add a cause of action for FLSA retaliation on behalf of Donna P. Washington. [ECF #39]. Plaintiffs then filed a Second Motion to Amend the First Amended Complaint on February 17, 2016. [ECF #41]. This motion sought to add Patrick Montgomery as a named plaintiff, add causes of action for wrongful termination and FLSA retaliation on behalf of Jennifer Hope Montgomery, add a cause of action for FLSA retaliation on behalf of Donna P. Washington, and add The Scalise Group, LLC, Cinzia, LLC, The Spa at North Beach, LLC, MS North Beach,

---

[2] Defendants have filed a subsequent Motion to Dismiss. Accordingly, the Motion to Dismiss First Amended Complaint [ECF #27] is moot.

LLC, and Sam L. Scalise as defendants. [ECF #41]. The Parties entered into a Consent Order to allow Plaintiff to include these Patrick Montgomery as a named Plaintiff, Cinzia, LLC as a named Defendant, and individual claims for wrongful termination in violation of public policy and FLSA retaliation for Jennifer Hope Montgomery and Donna P. Washington, respectively. [ECF #43].[3]

The allegations at issue include minimum wage and overtime violations, retention of a portion of mandatory "gratuity" that Plaintiffs believe they are entitled to, and allegations regarding retaliation and wrongful termination. Briefly stated, Plaintiffs allege they were employed by Defendants to perform a variety of services including massage therapy, nail technician services, esthetician services, and catering services. [ECF #44, p. 3]. Plaintiffs allege that, according to Defendants, a 20% mandatory charge paid by customers represented a gratuity amount to be paid entirely to Plaintiffs. [ECF #44, p. 8]. Plaintiffs allege that in reality, Defendants kept 2% of the mandatory charge paid by customers. [ECF #44, p. 8]. Plaintiffs further allege that customers were told that the 20% mandatory charge represented a tip to be paid to the employee; therefore, no additional tip was necessary. [ECF #44, p. 8]. In other words, Plaintiffs allege that Defendants not only failed to pay minimum wages, but retained a portion of their gratuities, and when dispersed to them, still failed to pay Plaintiffs wages equal to minimum wage. [ECF #53, p. 11]. Plaintiffs have also alleged wrongful termination and retaliation in violation of the FLSA. Defendants' Motion to Dismiss the Second Amended Complaint is now before the Court. [ECF #51].

---

[3] The Consent Motion does not include the addition of requested Defendants The Scalise Group, LLC, The Spa at North Beach, LLC, MS North Beach, LLC and Sam Scalise. Accordingly, these Defendants were never added or included as parties in this lawsuit.

**Standard of Review**

Defendants file its motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In considering a motion to dismiss, the factual allegations in a complaint are accepted as true, and the plaintiff is afforded the benefit of all reasonable inferences to be drawn from the allegations contained within the complaint. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In order to survive a motion to dismiss, a plaintiff is not required to plead facts constituting a prima facie case; however, the factual allegations "must be enough to raise a right to relief above the speculative level". *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**Discussion**

I. **FLSA Minimum Wage and Overtime Violations**

   A. **Employer-Employee Relationship**

Defendants first argue that Plaintiffs' Second Amended Complaint should be dismissed because Plaintiffs fail to adequately allege an employer-employee relationship between Plaintiffs and all of the named Defendants. Defendants argue that Plaintiffs do not point to any specific Defendant as the employer. In support of their argument, Defendants cite to *Luna-Reyes v. RFI Const., LLC*, 57 F. Supp. 3d 495, 502-504 (M.D.N.C. 2014), a case finding that a plaintiff's complaint was vague as to which of the several named defendants allegedly violated the FLSA. Specifically, that Court considered the fact that the factual allegations were generally directed at all "defendants" and did not specify "which [defendant] allegedly took what action." *Id.* at 498. The *Luna-Reyes* Court *sua sponte* converted the motion to dismiss into a motion for a more definite statement.

Plaintiffs distinguish *Luna-Reyes* from the facts of this case by pointing out that the plaintiff in *Luna-Reyes* made general allegations against those defendants while simultaneously pointing to an individual defendant as controlling both work activities and compensation. *Id.* By contrast, Plaintiffs argue that they adequately allege the basis of FLSA coverage as it applies to each allegation and allege all Defendants are liable under a joint employer theory. [ECF #53, p. 5].

The joint employer theory of liability is premised upon the fact that employment by one employer is not completely disassociated from employment by other employers. Both employers

thus "share" control over the employment conditions of the employee to be considered co-employers. *See* 29 C.F.R. § 791.2. The existence of an employment relationship is explored through the application of the "economic realities" test. *Howard v. Malcolm*, 852 F.2d 101, 104 (4th Cir. 1988) (Under the FLSA, a person is an employer of another where the work "follows the usual path of the employee; and where, as a matter of economic reality, the employee is dependent upon that person for their livelihood.") (citing *Haywood v. Barnes*, 109 F.R.D. 568 (E.D.N.C. 1986)).

This Court finds that Plaintiffs have alleged enough facts in their complaint to state a claim upon which relief can be granted as alleged in the Second Amended Complaint. First, Plaintiffs allege sufficient factual information within their Complaint to describe the employer-employee connection among the Parties. For example, Plaintiffs allege that Defendants William Riley, Gerard Scollan, and Matthew Scollan own and operate Defendant Lovin' Oven Cattering Suffolk, Inc. [ECF #44, p. 2]. These same individuals were also the managing members of Cinzia, LLC, which owns Cinzia Spa, and 21 Main North Beach, LLC, which owns 21 Main Events. [ECF #44, p. 2]. Defendant Lovin' Oven provides food and beverage for 21 Main North Beach, LLC's locations. Defendants Riley, Gerard Scollan, and Matthew Scollan also allegedly exert control over the day to day operations of both Cinzia Spa and 21 Main Events. [ECF #44, p. 3].

Moreover, among other allegations, Plaintiffs allege the following within their Second Amended Complaint: (1) upon information and belief, there exists, or existed an arrangement(s) between Defendants to share the Plaintiff employees' services [ECF #44, p. 3]; (2) upon information and belief, at all times relevant herein, each Defendant acted directly or indirectly in

6

the interest of the other Defendants in relation to the Plaintiff employees [ECF #44, p. 3]; (3) upon information and belief, one Defendant, or multiple Defendants, control, is/are controlled by, or is/are under common control with other Defendant employees [ECF #44, p. 3]; (4) Defendants are not completely dissociated with respect to the employment of Plaintiff employees and shared control of Plaintiff employees, directly or indirectly [ECF #44, p. 3]. This language tracks the language found in the regulations (29 C.F.R. § 791.2), and furthermore, asserts that Defendants jointly were responsible for the employment of these Defendants. Based upon the allegations within the Second Amended Complaint, Plaintiff Jennifer Montgomery worked for both Cinzia Spa and 21 Main Events, Plaintiff Brittany McRoy worked at Cinzia Spa, Plaintiff Washington worked at Cinzia Spa and 21 Main Events, and Plaintiff Patrick Montgomery worked at 21 Main Events.[4] [ECF #44, p. 3]. All Plaintiffs received their pay stubs from 21 Main North Beach LLC. [ECF #44, p. 3]. Accordingly, this Court denies Defendants' motion to dismiss the Second Amended Complaint on this ground.

### B. Identification of Direct Employer

Similar to their first argument, Defendants argue that Plaintiffs' failure to identify their actual and direct employer is fatal, requiring dismissal of the complaint. As pointed out by Plaintiffs, Defendants do not cite to any case law from the Fourth Circuit to support this assertion. Plaintiffs further argue that their Second Amended Complaint goes beyond simply alleging

---

[4] This Court notes that it does *not* appear that there are any allegations that Plaintiff Patrick Montgomery worked at Cinzia Spa. The Second Amended Complaint contains allegations that the "mandatory 20% gratuity or tip" was enforced on spa services at Cinzia Spa. With the Second Amended Complaint, Plaintiffs also alleged that Defendants kept 2% of the gratuities or tips, and only distributed the 18% amount to employees of Cinzia Spa. Thus, any allegations or claims which relate directly to these facts would not apply to Plaintiff Patrick Montgomery, consistent with *Iqbal*.

Defendants were their employers. As support for this contention, Plaintiffs point to the paragraphs in their Complaint alleging, among other things, that Defendants Riley and Scollan exercised sufficient control over the several locations in questions and oversaw the day-to-day operations of the companies; that the Defendants had an agreement whereby they would share the Plaintiffs' services; and multiple Defendants controlled or were under common control of the employment relationship. [ECF #53, p. 9].

The Fourth Circuit acknowledges that separate persons or entities can share control over an employee, and thus be deemed joint employers. *Schultz v. Capital Intern. Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2010). In *Deras v. Verizon Maryland, Inc.*, a district court in Maryland declined to dismiss a claim that plaintiffs brought against a company and its subcontractor, in part because plaintiffs alleged those defendants were joint employers and the company benefitted from the work allegedly performed by the plaintiffs. *Deras v. Verizon Maryland, Inc.*, 2010 WL 3038812, at *4-*5 (July 30, 2010). Here, Plaintiffs state in the Complaint that Plaintiffs Jennifer Hope Montgomery, Brittany McRoy, and Donna Washington were employed by Defendants at Cinzia Spa. [ECF #44, p. 3]. Plaintiffs also alleged that Cinzia Spa is owned and operated by Cinzia, LLC. [ECF #44, p. 2]. Plaintiffs Jennifer Hope Montgomery and Patrick Montgomery were allegedly employed by 21 Main Events. [ECF #44, p. 3]. Plaintiffs allege 21 Main North Beach, LLC owns and operates 21 Main Events. [ECF #44, p. 2]. Plaintiffs also allege that 21 Main North Beach, LLC issued their pay stubs. [ECF #44, p. 3]. This Court finds that Plaintiffs have alleged sufficient facts to identify a "direct employer" for Plaintiffs for the reasons outlined above and for the same reasons that this Court finds that Plaintiffs have pled sufficient facts to prove

8

an employer-employee relationship as to these Defendants. Accordingly, this Court denies Defendants' motion to dismiss the Second Amended Complaint on this ground.

### III. Unlawful "Kick-Backs" Under the FLSA[5]

Defendants next allege that Plaintiffs' claim that Defendants' retention of 2% of a compulsory 20% gratuity charged to spa customers should be dismissed based on the holding in *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442 (4th Cir. 2015). Essentially, Defendants argue that because Plaintiffs were paid the statutory minimum wage and Defendants were not using this imposed gratuity to satisfy that requirement, § 203(m) is inapplicable to create a "freestanding" FLSA claim. Plaintiffs argue that *Trejo* does not apply because Plaintiffs are, in fact, seeking to recover damages based on alleged minimum wage violations and unpaid overtime claims. *In fact, Plaintiffs appear to argue that not only were they not paid minimum wage, but that Defendants retained a portion of what was to be considered their "gratuities," and when Defendants disbursed gratuities, still failed to pay Plaintiffs their minimum wage.* [ECF #53, p. 11]. In sum, it appears Plaintiffs are stating an alternative ground for a minimum wage violation

---

[5] This second claim for relief of the Complaint is captioned "FLSA Unlawful Kick-Backs." The regulations provide that the wage requirements of the Act will not be met "where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. 29 C.F.R. § 531.35. The example provided is requiring an employee who incurs costs of providing his own tools of the trade. Another common example is an employee being responsible for his transportation expenses or costs. *See Moodie v. Kiawah Island Inn Co., LLC*, 124 F. Supp.3d 711 (D.S.C. Aug 4. 2015). Both may result in an employee making less than the minimum wage. Here, it appears the Plaintiffs are alleging that the 2% of the alleged 20% "gratuity" or "mandatory charge" charged to the customer, is some sort of unlawful "kick back." The facts alleged do not appear to qualify as a "kick back" as explained in the regulations, however the Defendants do not raise this argument. While this Court questions whether these payments qualify as "kickbacks" as defined by the regulations, nonetheless Plaintiffs have alleged sufficient facts to state a failure to pay a minimum wage claim.

claim in that they allege Defendants not only failed to pay minimum wages, but retained a portion of their gratuities, and when dispersed to them, still failed to pay Plaintiffs minimum wage.

In *Trejo*, several server employees brought action against their employers alleging FLSA violations based on the tip credit provision. 795 F. Supp. 3d at 445.  In that case, employers took a portion of employees' tips and redistributed them to other employees. *Id.*   The Fourth Circuit affirmed a district court's dismissal of those plaintiffs' FLSA claims because they were paid a minimum wage absent tips. *Id.* at 446. The Fourth Circuit found that plaintiffs do not have a private right of action under § 216(b) because they are paid a minimum wage and their employers were not claiming the "tip credit" under the applicable provision to pay that minimum wage.  *Id.*

Unlike the factual circumstances in *Trejo*, a review of the Second Amended Complaint reveals that Plaintiffs allege additional facts suggesting they were not paid minimum wage or overtime in violation of the FLSA.  Plaintiffs in this case do not necessarily dispute that Defendants did not take advantage of the tip credit provision. Instead, Plaintiffs contend that not only were they denied the receipt of what was to be considered their tips, but that they were not paid minimum wage or overtime, even when tips were dispersed to them.  In other words, Plaintiffs allege the deduction of the "tips" contributed to a violation of the minimum wage owed to them under the FLSA.

A compulsory charge for service imposed upon a customer by an establishment is often not considered a "tip" under the regulations, even if distributed to employees. 29 C.F.R. § 531.55. If indeed the 20% amount represents a compulsory charge for service, then Defendants would not be able to take advantage of that tip credit anyway. However, even if Defendants' assertions are

10

true that § 203(m) does not apply because tips here are not being used to satisfy the minimum wage requirements, Plaintiffs have still stated a claim against Defendants because they allege a failure to pay them the minimum wage required under the FLSA.  This Court notes, however, that this claim does not appear to apply to Plaintiff Patrick Montgomery, because he was not employed at Cinzia Spa, and the facts as pled in the Second Amended Complaint limit these deductions to this location only.  While this Court questions the reference to this amount as a "kick-back," this Court finds that Plaintiffs, at minimum, allege an additional minimum wage violation claim.  At this stage of litigation, this Court must accept as true all factual allegations in the Plaintiff's Second Amended Complaint. *See Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Furthermore, for the reasons stated earlier regarding the employer-employee and identification of the direct employer, Plaintiffs have stated sufficient facts for this claim to move forward. Accordingly, this Court denies Defendants' motion to dismiss the Second Amended Complaint on this ground.

### IV. <u>Definition of Wages Under the Wage Act</u>

In their Second Amended Complaint, Plaintiffs allege overtime and minimum wage violation claims under both the FLSA and the South Carolina Wage Act.  Defendants argue that Plaintiffs' claims under the Wage Act must be dismissed because the mandatory gratuity or tip charged by Defendants to spa customers does not fall within the definition of "wages" under the Wage Act.  In response, Plaintiffs argue that whether tips are excluded in the definition of wages has not been conclusively resolved by this Court, and further, that other courts have held gratuities should constitute wages.

Defendants argument appears to turn, in part, upon the proper characterization of the 20% charge or tip that is thrust upon the customers who use the spa. As previously pointed out in this Order, the fact that the 20% charge is mandatory and placed upon a customer's bill without negotiation suggests it is not appropriately characterized as a tip. Specifically, Defendants rely upon *Degidio v. Crazy Horse Saloon and Restaurant, Inc.*, No. 4:13-CV-02136, 2015 WL 5834280, at *5-*6 (D.S.C. Sept. 30, 2015) to argue that Plaintiffs may not bring an action to recover tips under the South Carolina Wage Act. In *Degidio*, the Defendants filed a motion for summary judgment based on their argument that the FLSA preempted the Wage Act with respect to the deduction of tips from employees. The *Degidio* Court determined that the FLSA did not preempt the Wage Act because the FLSA only regulates claims where the deduction of tips creates a minimum wage or overtime violation, which was not the case before that court. *Id.*

While the Defendants are correct that the *Degidio* Court implied it would consider a motion to dismiss based on the argument that the term "wages" as used in the Wage Act does not include tips, that issue was not briefed, and thus the *Degidio* Court declined to rule on that substantive issue. Defendants also cite to a case interpreting the Maryland Wage and Hour Law Act. *See Mould v. NJG Food Serv. Inc., et al.*, No. JKB-13-1305, 2014 WL 2768635 (D. Md. June 17, 2014). However, the issue in that case was the validity of a tip pooling arrangement where the plaintiff alleged he was not provided proper notice of that arrangement at the beginning of his employment. Furthermore, the plaintiff was arguing that his measure of damages would be the total amount he contributed to the tip pool. *Id.* at *3. The Court disagreed, stating that the proper measure would be the difference between the minimum wage he was owed and the

12

amount he received. *Id.* at *4.

Unlike this case, the defendants in *Mould* relied upon the tip pool to take a tip credit. That is not at issue in the present case. The *Mould* Court considered the fact that the plaintiff did not sufficiently plead that his participation in a tip pool was involuntary. Here, Plaintiffs argue that because of the deductions taken by Defendants, they did not receive a lawful minimum wage. This Court recognizes that the issue of whether "tips" are considered wages under the Wage Act is not well settled in the Fourth Circuit. Furthermore, at issue in this case is how to properly characterize a 20% charge to customers in which Defendants then take a portion of those payments, despite allegations that Defendants would pay the entire portion to Plaintiffs, i.e. whether it is a mandatory service charge or "tips" owed to Plaintiffs. However, at this point in the litigation, it appears that Plaintiffs have set forth sufficient allegations to make a minimum wage violation claim under the Wage Act. Accordingly, this Court declines to dismiss this count at this early stage of litigation. Defendants' motion to dismiss Plaintiffs' Wage Act claims is denied at this time.

### V. Retaliation and Wrongful Termination Claims

Defendants next argue that Plaintiff Jennifer Montgomery and Donna Washingtons' retaliation claims should be dismissed because these Plaintiffs did not engage in "protected activity." Defendants' argument relies upon the conclusion that the 20% amount discussed in this case is properly considered a "mandatory service charge" rather than a tip. Plaintiffs argue that the characterization of the 20% tip amount as a "mandatory service charge" is improper, in part because Defendants represented to them that this amount was a tip or gratuity to employees.

13

In order to establish a prima facie retaliation claim, an employee must show the following: (1) she was engaged in protected activity; (2) the employer took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Ross v. Communic. Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (abrogated on other grounds by *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989)). Here, Plaintiffs allege that they complained to their employer that the 20% "tip or gratuity" as it is defined by Plaintiffs was not being properly distributed to them. Defendants maintain that they were not required to do so, as they consider that amount to be a "service charge." This Court finds that in construing all of Plaintiffs' allegations as true for the purposes of this stage of litigation, Plaintiffs have alleged sufficient facts to state a claim for retaliation. Accordingly, this Court denies Defendants' motion to dismiss the FLSA retaliation claims.

Finally, as to the wrongful termination claims, Defendants argue that Plaintiff Jennifer Montgomery and Donna Washingtons' wrongful termination claims must be dismissed because these Plaintiffs fail to identify any public policy that was violated as a result of the termination of their employment. Plaintiffs have generally alleged wrongful termination "in violation of public policy" apparently under state law. In South Carolina, a cause of action in tort exists where a discharge of an at-will employee constitutes a violation of a clear mandate of public policy. *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (S.C. 1985). It is a question of law as to what is a violation of public policy. *Barron v. Labor Finders of S.C.*, 393 S.C. 609, 617, 713 S.E.2d 634, 638 (2011). Plaintiffs argue that their alleged public policy violation is that Defendants required them to violate the law as a condition of employment. *See*

*Barron*, 393 S.C. at 617 (explaining that the public policy exception clearly applies when employees are required to violate the law). Specifically, Plaintiffs argue that the failure of Defendants to pay them minimum wage constitutes a violation of the law. In *Barron*, the Court held that the public policy exception applies to situates where an employer asks an employee to violate the law, or the actual termination is a violation of a criminal law. *Id.* at 615. The public policy exception does not extend to situations where the employee has an existing statutory remedy. *Id.* As Defendants point out, Plaintiffs must allege more than a general statement of a violation of public policy. Furthermore, these Plaintiffs already alleged that the same conduct constitutes retaliation and a violation of wrongful termination under the FLSA retaliation claim. *See Visco v. Aiken County, S.C.*, 974 F. Supp.2d 908, 925 (D.S.C. 2013) (explaining that a plaintiff's retaliation claim can only be asserted pursuant to the FLSA because "a plaintiff cannot recover under a state law theory of wrongful/retaliatory discharge where a remedy to the alleged misconduct is available under the FLSA."). This Court finds that these Plaintiffs have not stated a claim for wrongful termination under South Carolina law. Accordingly this Court grants Defendants' motion to dismiss the wrongful termination claims made by Plaintiff Jennifer Hope Montgomery and Plaintiff Donna Washington.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendants' motion to dismiss, Plaintiffs' response to the motion, Defendants' reply, and the applicable law. For the reasons stated above, Defendant's motion to dismiss [ECF #51] is **GRANTED in part and DENIED IN PART.** The claims for wrongful termination pursuant to a violation of public

4:15-cv-03214-RBH     Date Filed 12/20/16    Entry Number 70    Page 16 of 16

policy alleged by Plaintiff Jennifer Hope Montgomery and Donna Washington are dismissed. All other claims against Defendants remain pending at this time.

**IT IS SO ORDERED.**

Florence, South Carolina                                                       s/ R. Bryan Harwell
December 20, 2016                                                              R. Bryan Harwell
                                                                               United States District Judge

16